```
STEPHANIE M. HINDS (CABN 154284)
United States Attorney

TOM COLTHURST (CABN 99493)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    thomas.green@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4-21-70947 MAG |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER CONTINUING ATTORNEY APPOINTMENT HEARING AND STATUS HEARING AND EXCLUDING TIME UNTIL MARCH 24, 2022** |
| ADAM CARPENTER, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Thomas R. Green, and defendant Adam Carpenter (Carpenter or defendant), by and through his counsel of record, Michael Shepard, hereby stipulate as follows:

1.  On June 7, 2021, the Honorable Donna M. Ryu signed a federal criminal complaint charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 11, 2020, defendant made his initial appearance and was advised of the charge on the criminal complaint.

STIPULATION AND ORDER
CASE NO. 4-21-70947 MAG

2. This matter is presently set for a status hearing regarding detention and a status hearing regarding preliminary hearing or arraignment on March 17, 2022. The parties now seek to continue the present hearing until March 24, 2022, and further exclude and waive time as it relates to both the timing of any preliminary hearing under Federal Rule of Criminal Procedure 5.1, and the timing for indictment or trial under the Speedy Trial Act, until the next requested hearing date of March 24, 2022. The parties further agree that this continuance will be without prejudice to the defendant addressing detention and preliminary hearing issues at the March 24, 2022 status appearance.

3. The government has produced discovery relating to defendant's arrest and criminal history. The discovery produced includes the production of video recordings. The government and defendant are exploring the potential for a pre-indictment disposition. Counsel for defendant requires additional time to review discovery and discuss and advise the defendant regarding the evidence, including as to the merits of a potential pre-indictment disposition.

4. The present rules governing and limiting visits to Santa Rita Jail in light of the coronavirus pandemic, and the need for the defense to schedule meetings with defendant further support the requested continuance. Defendant has been in quarantine at Santa Rita at times, further complicating the ability of defense counsel to arrange telephonic or video-conference meetings with defendant. There have also been some challenges in providing defendant with the necessary technology at Santa Rita to review the discovery produced in this case. Thus, with the consent of defendant, counsel for defendant represents that additional time is necessary to review the discovery in this action, confer with defendant, conduct and complete an independent investigation of the case, and prepare for trial in the event that a pre-indictment resolution does not occur.

5. The defendant has been advised of his right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that defendant knowingly and voluntarily waives the time to be charged by indictment or information from Speedy Trial Act calculation until March 24, 2022, and waives the timing for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 for the time period of March 17, 2022, until the requested status hearing date of March 24, 2022.

STIPULATION AND ORDER
CASE NO. 4-21-70947 MAG

6. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of March 17, 2022, until the requested status hearing date of March 24, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(b), (h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

8. The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: March 16, 2022

Respectfully Submitted,

STEPHANIE M. HINDS
United States Attorney

/s/ *Thomas R. Green*
THOMAS R. GREEN
Assistant United States Attorney

/s/ *Michael Shepard*
MICHAEL SHEPARD
Attorney for Adam Carpenter

STIPULATION AND ORDER
CASE NO. 4-21-70947 MAG

**ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The Court sets this matter for confirmation of attorney appointment hearing, a status hearing regarding detention and a status hearing regarding preliminary hearing or arraignment on March 24, 2022. The time period of March 17, 2022 to March 24, 2022, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b), and the time by which any trial must commence pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). The Court also finds that defendant waives the timing by which a preliminary hearing must be held pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure for the time period of March 17, 2022 to March 24, 2022. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed. This Order is without prejudice to defendant addressing detention and preliminary hearing issues at the status hearing on March 24, 2022.

IT IS SO ORDERED.

March 16, 2022
DATE

HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND ORDER
CASE NO. 4-21-70947 MAG